UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIUS LUDWIG,<br><br>                              Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>                              Defendants. | Case No. 3:24-cv-00301-ART-CLB<br><br>ORDER |

**I.      DISCUSSION**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff paid the full filing fee in this matter. (ECF No. 4). The Court entered a screening order on September 6, 2024. (ECF No. 5). The screening order allowed some claims to proceed and dismissed other claims without prejudice and with leave to amend within 30 days. (*Id.* at 11-12). After the screening order was issued, Plaintiff filed a motion for a preliminary injunction. (ECF No. 8). Plaintiff did not file amended complaint, and the Court referred this case to the Court's Inmate Early Mediation Program. (ECF No. 10). The Court imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 10, 12). The Office of the Attorney General has filed a status report indicating that settlement has not been reached. (ECF No. 15). The Court will now address Plaintiff's pending motion for a preliminary injunction.

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). "Where a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). 18 U.S.C. § 3626(a)(2). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979)). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." Under Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2.

Plaintiff's brief motion for a preliminary injunction does not include points and authorities in support of his motion. Nor does the motion address the four *Winters* factors that Plaintiff must establish to support a preliminary injunction, namely that is he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Therefore, the Court denies the motion without prejudice and with leave to refile. In any refiled motion, Plaintiff should include points and authorities in support of his motion, and he should specifically address the four *Winters* factors.

## II.   CONCLUSION

It is therefore ordered that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 6) on the Office of the Attorney General of the State of Nevada, by adding the Attorney

General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that subject to the findings of the screening order (ECF No. 5), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name <u>and</u> address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 6) within **sixty (60) days** from the date of this order.

It is further ordered that Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every

pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

It is further ordered that this case is no longer stayed.

It is further ordered that Plaintiff's motion for a preliminary injunction (ECF No. 8) is **DENIED** without prejudice and with leave to refile.

Dated this 4th day of June 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4