**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JULIUS LUDWIG, | Case No. 3:24-CV-00301-ART-CLB |
| Plaintiff, | **ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | [ECF No. 60] |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Currently pending before the Court is Plaintiff Julius Ludwig's ("Ludwig") motion for appointment of counsel. (ECF No. 60.) No opposition was filed. Having considered Ludwig's motion for counsel and the docket in this case, the Court finds exceptional circumstances exist to support the appointment of counsel and therefore grants Ludwig's motion for counsel. (ECF No. 60).

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). However, 28 U.S.C. §1915(e)(1) gives courts discretion to "request an attorney to represent any person unable to afford counsel." *See also, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting the same, but citing to former subsection of statute). While the decision to request counsel lies within the discretion of the district court, the court may only exercise this discretion under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate their claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se*

does not qualify as exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that they are unable to articulate their claims due to their complexity. *Id.*

Having considered Ludwig's motion and the docket in this case, the Court finds there are exceptional circumstances which warrant appointment of counsel. *Terrell*, 935 F.2d at 1017. First, this case is based on allegations of deliberate indifference to medical treatment related to issues allegedly caused by Defendants' failure to timely to provide Ludwig with hip replacement surgery. (ECF No. 6 at 5-7.) According to the allegations in the complaint, Defendants delayed Ludwig's surgery for approximately two years, which caused him to needlessly endure serious pain, and caused him to need hip replacement surgery on his other hip due to overcompensation. (*Id.*)

Second, as to likelihood of success on the merits, the Court notes that other inmates incarcerated in the Nevada Department of Corrections pursuing claims involving significant delays in medical treatment have received favorable jury verdicts. (*See, e.g.*, *Steward v. Aranas*, 3:17-CV-00132-MMD-CLB at ECF No. 169.) Given that Ludwig's case stems from allegations of significant delays in medical treatment, the Court finds Ludwig has demonstrated he is likely to succeed on the merits if his case proceeds to trial.

Finally, turning to Ludwig's ability to adequately articulate his claim, the Court finds the issues presented in Ludwig's case are sufficiently complex that appointing counsel is appropriate. Ludwig's motion for counsel, as well as other motions filed in this case, establish that in order for Ludwig to proceed on his claim through dispositive motions he will likely require the assistance and appointment of a medical expert, as well as conduct extensive discovery due to the complexity of establishing Defendants failed to treat and timely provide him with hip replacement surgeries. Moreover, it is evident that if the case proceeds to trial a medical expert will be necessary, and conducting a trial will require skills that Ludwig does not appear to possess. Taking all of these facts and circumstances

into account, the Court finds Ludwig has shown exceptional circumstances exist in this case to warrant the appointment of counsel.

The Court therefore grants Ludwig's motion for appointment of counsel, (ECF No. 60), and stays this case in its entirety until pro bono counsel is identified and formally appointed. In addition, this case is referred to the Pro Bono Program adopted in the Amended General Order 2019-07 to identify counsel willing to be appointed as pro bono counsel for Ludwig. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly, **IT IS HEREBY ORDERED** that Ludwig's motion for appointment of counsel, (ECF No. 60), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall also forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that this case is stayed in its entirety until pro bono counsel is identified and formally appointed in this case.

**DATED**: March 5, 2026

_____
**UNITED STATES MAGISTRATE JUDGE**

3